IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CATHIANNA SNYDER ROSENTHAL, | Case No. 3:25-cv-00484-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OFFICER TALLON JOHNSTON & CLACKAMAS COUNTY, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Cathianna Snyder Rosenthal ("Rosenthal") filed this action against Clackamas County and Clackamas County Sheriff's Deputy Tallon Johnston ("Deputy Johnston") (together, "Defendants"), alleging constitutional claims under 42 U.S.C. § 1983 ("Section 1983"). The Court has jurisdiction over Rosenthal's claims pursuant to 28 U.S.C. § 1331.

Now before the Court is Defendants' motion to dismiss Rosenthal's second amended complaint. For the reasons that follow, the Court grants Defendants' motion to dismiss and dismisses Rosenthal's second amended complaint with leave to amend.

///

///

PAGE 1 – OPINION AND ORDER

**BACKGROUND**[1]

Rosenthal's claims arise from the death of her son, Phillip Snyder ("Snyder"), following his arrest and detention as a pretrial detainee in Clackamas County. (Second Am. Compl. ("SAC") at 1, ECF No. 34.)

On March 22, 2023, Deputy Johnston encountered Snyder outside of a Target store as Snyder was experiencing a mental health crisis. (*Id*. at 3.) Deputy Johnston arrested Snyder. (*Id*.) Rosenthal alleges that Deputy Johnston should have sought mental health care for Snyder but instead transported him to the Clackamas County Jail. (*Id*.) Rosenthal alleges that while at the jail, Snyder was not evaluated by a mental health professional, but was instead released in a "suicidal and emotional state." (*Id*.) Snyder died within a day of release of a fentanyl overdose. (*See* Compl. at 5, ECF No. 1.)

**LEGAL STANDARDS**

**I.      FAILURE TO STATE A CLAIM**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). Thus, "where a

---

[1] "Except where otherwise stated, these facts are taken from [the plaintiff]'s complaint and are accepted as true." *Hebrard v. Nofziger*, 90 F.4th 1000, 1004 n.1 (9th Cir. 2024) (citing *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992)).

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.    SELF-REPRESENTED LITIGANTS

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021), and should treat "pro se litigants . . . with 'great leniency' when evaluating compliance with 'the technical rules of civil procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). The Supreme Court, however, has also recognized that "[d]istrict [courts] have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Thus, there are limits on the leeway that courts must afford to self-represented litigants. *See Washington v. Kijakazi*, 72 F.4th 1029, 1039-40 (9th Cir. 2023) ("[T]here are limits to what a court must do to accommodate a party appearing pro se." (citing, *inter alia*, *Pliler*, 542 U.S. at 231)); *see also Atkins v. Montgomery*, No. 20-56007, 2024 WL 3594386, at *2 (9th Cir. July 31, 2024) (rejecting the self-represented plaintiff's arguments that the magistrate judge failed to provide "meaningful assistance" on exhaustion, or "take into account the amount of time remaining on [his] one-year statute of limitations in requiring a response to her order" (citing *Pliler*, 542 U.S. at 231)).

For example, "[a]lthough [courts] construe pro se pleadings liberally, especially in civil rights cases, [they] 'may not supply essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)); *Salazar v. Regents of Univ. of Cal.*, 812 F. App'x 410, 412-13 (9th Cir. 2020) (same).

PAGE 3 – OPINION AND ORDER

**DISCUSSION**

In her SAC, Rosenthal attempts to state a Fourteenth Amendment substantive due process claim on her own behalf based on loss of familial association. (*See* SAC at 5-8.) Defendants move to dismiss Rosenthal's claim on the ground that Rosenthal has failed to state a claim. (Defs.' Mot. Dismiss Second Am. Compl. ("Defs.' Mot.") at 5-7; Defs.' Reply Supp. Mot. Dismiss Second Am. Compl. ("Defs.' Reply") at 2-7, ECF No. 44.)

The SAC includes few factual allegations and omits many allegations that Rosenthal included in her original and first amended complaints. (*See generally* Compl.; *see also* Am. Compl., ECF No. 21.) "As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (citation omitted); *see also Griffin v. Herzog*, No. 3:17-cv-5394 RBL-TLF, 2017 WL 3503333, at *2 (W.D. Wash. Aug. 16, 2017) (holding that "[t]here can only be one operative complaint"). Because Rosenthal's operative complaint contains only threadbare factual allegations, the Court agrees that Rosenthal has failed to state a claim. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights."); *Ferry v. Doohan*, No. 3:18-cv-001891-HZ, 2020 WL 2858005, at *6 (D. Or. May 31, 2020) (holding that the plaintiff's complaint "fail[ed] to allege facts stating a claim for denial of familial relations upon which relief may be granted under [Section] 1983") (citations omitted).

Rosenthal requests leave to amend her complaint with the assistance of appointed pro bono counsel. (*See* Pl.'s Resp. Opp'n Defs.' Mot. Dismiss SAC ("Pl.'s Resp.") at 26-27, ECF No. 43.) Defendants argue that the Court should not grant leave to amend because any amendments would be futile. (Defs.' Reply at 7.)

PAGE 4 – OPINION AND ORDER

The Ninth Circuit has instructed that "[l]eave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990) (quoting *Breier v. N. Cal. Bowling Proprietors' Ass'n,* 316 F.2d 787, 790 (9th Cir. 1963)). The Ninth Circuit has "noted frequently that the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Chestra v. Davis*, 747 F. App'x 626, 627 (9th Cir. 2019) (citations omitted).

On the current record, the Court cannot conclude that further amendment of Rosenthal's claims would be futile. *See Clayborne v. Lithia Motors, Inc.*, No. 117CV00588AWIBAM, 2021 WL 3847707, at *2 (E.D. Cal. Aug. 27, 2021) (considering facts alleged in the plaintiff's prior complaint in determining whether leave to amend would be futile). Accordingly, the Court grants Rosenthal leave to file a third amended complaint.[2]

///

///

///

///

///

///

///

---

[2] The Court advises Rosenthal that in her third amended complaint, she must include (1) a short and plain statement about what happened (including the location and date); (2) the constitutional rights Rosenthal believes were violated; (3) the name(s) of the individual(s) who violated those rights; (4) exactly what each individual did or failed to do to violate those constitutional rights; (5) what specific injury Rosenthal suffered as a result of the individuals' conduct; and (6) the relief Rosenthal is seeking. Importantly, Rosenthal must include all of the above information in the third amended complaint and she may not cross reference or incorporate her prior complaints nor supplement her amended complaint by letter or separate filings.

PAGE 5 – OPINION AND ORDER

**CONCLUSION**

For the reasons stated, the Court GRANTS Defendants' motion to dismiss (ECF No. 36) and dismisses the SAC with leave to file a third amended complaint within thirty days. The Court EXTENDS the limited appointment of pro bono counsel to assist Rosenthal with drafting the third amended complaint.[3]

**IT IS SO ORDERED.**

DATED this 28th day of July, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[3] The Court clarifies that the limited nature of the pro bono appointment is designed to minimize its burden on counsel, and that counsel may request an expansion of the limited appointment at any time. In addition, pro bono counsel may engage in any ancillary services he deems appropriate, such as engaging in settlement discussions with opposing counsel.

PAGE 6 – OPINION AND ORDER